1  J. BRUCE ALVERSON, ESQ.
   Nevada Bar No. 1339
2  KARIE N. WILSON, ESQ.
   Nevada Bar No. 7957
3  **ALVERSON TAYLOR**
   **MORTENSEN & SANDERS**
4  7401 W. Charleston Boulevard
   Las Vegas, NV 89117
5  702-384-7000 Phone
   702-385-7000 Fax
6  Attorneys for Plaintiffs

7  JOHN M MCLAUGHLIN, ESQ.
   (*pro hac vice* pending)
8  **GREEN, MILES, LIPTON &**
   **FITZ-GIBBON, LLP**
9  77 Pleasant St; P.O. Box 210
   Northampton, MA 01061-0210
10 413-586-0865 Phone
   413-584-6278 Fax
11 Attorney for Plaintiffs

12              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
13
   DISH NETWORK L.L.C., a Colorado Limited          CASE NO: 2:10-cv-01374-PMP-LRL
14 Liability Company, ECHOSTAR
   TECHNOLOGIES L.L.C., a Texas Limited
15 Liability Company, and NAGRASTAR L.L.C., a
   Colorado Limited Liability Company,
16
                Plaintiffs
17
   v.
18
   DARRYL POLO, aka "THEPIMP" and aka "DJP"
19 dba www.fta-spot.com, www.ftapimps.com, and
   The Media Creative Group ("TMC")
20
                Defendant
21

22          **MOTION FOR RELIEF FROM ORDER AND FOR EXTENSION OF TIME**

23          COME NOW Plaintiffs DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C.,

24 and NAGRASTAR L.L.C. by and through their counsel of record, and hereby bring this Motion for

*(left margin, vertical text)* ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

1  Relief from Order and for Extension of Time.

2          This motion is made and based upon the papers and pleadings on file herein, the attached

3  exhibits, the points and authorities submitted in support hereof, and such oral argument as may be

4  entertained by the Court at the hearing of this Motion.

5                                    ***THE MOTION***

6  I.        **Relief Sought**

7          On February 28, 2011 this Court held a status conference in the above captioned civil action.

8  The Plaintiffs submit that at said conference local counsel for the Plaintiffs informed the Court that

9  settlement appeared imminent but that the Plaintiffs were still awaiting the receipt of the hardcopy

10 settlement documentation from the Defendant and that upon receipt of same the Plaintiffs intended

11 to proceed by way of a Motion for Judgment by stipulation. After the hearing, this Court entered an

12 Order, Docket entry # 29 ("the subject order"), giving the Plaintiffs until March 28, 2011 to file a

13 "Stipulation of Dismissal". The Plaintiffs are seeking relief from the subject order. Specifically, the

14 Plaintiffs seek an order:

15          1.  Granting the Plaintiffs until April 22, 2011 to file settlement documentation;

16          2.  Allowing the Plaintiffs' settlement documentation to include a Motion for Judgment by

17              Stipulation; and

18          3.  Should the Defendant continue to fail to deliver the executed settlement documentation to

19              the Plaintiffs (see below) granting the Plaintiffs leave to continue with the Civil Action,

20              including leave to file a Motion for the Clerk's entry of Default against the Defendant.

21 II.       **Grounds for Relief**

22          The Plaintiffs are seeking relief from that portion of the subject Order which provides that

23 the parties are to file a "Stipulation of Dismissal" because the Plaintiffs believe that this portion of

24 the Order came about through some type of clerical error. The Plaintiffs have always intended on

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18898

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1   resolving this matter through a Motion for Judgment by Stipulation. The Plaintiffs' local counsel has

2   filed a Declaration stating that he referenced this fact during the status conference on February 28,

3   2011. Pursuant to Rule 60(a) and/or other inherent powers of this Court, the Court can modify the

4   Order to reflect the fact that the Parties may utilize a Motion for Judgment by Stipulation to resolve

5   this matter and the Plaintiffs have set forth good cause for such relief.

6        The Plaintiffs are also seeking relief from the portion of the Order that requires the settlement

7   documentation to be filed on or before March 28, 2011. The Plaintiffs need more time to try to

8   effectuate the settlement by way of a Motion for Judgment by Stipulation but if the Defendant

9   continues to not abide by his promise to deliver the executed settlement documentation to the

10  Plaintiffs the Plaintiffs seek leave to continue with the civil action including leave to allow the

11  Plaintiffs to move for Default against the Defendant. The Defendant's failure to deliver the executed

12  settlement documentation after specifically promising to do so amounts to a repudiation of the

13  settlement agreement bordering on misconduct which sets forth good cause and exceptional

14  circumstances to justify relief from the Court's order pursuant to Rule 60(b)(6) and/or other inherent

15  powers of this Court.

16       In further support of this Motion please see the Declaration of Andres Camacho, the

17  Plaintiffs' local counsel who attended the hearing on February 28, 2011, the Declaration of John M.

18  McLaughlin, the Plaintiffs' lead counsel, and the Proposed Order filed herewith.

19                        ***INCORPORATED MEMORANDUM OF LAW***

20  I.     FACTS

21       The Plaintiffs have filed declarations that set forth what they contend are the facts as

22  pertaining to this Motion. Additionally, the Plaintiffs incorporate the various documents and orders

23  of record in this civil action.

24  . . .

KNW 18888

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1.   . After a Motion by the Plaintiffs, this Court granted the *Pro Se* Defendant additional time to file a responsive pleading and this Court continued a scheduling conference in this matter to grant the Parties time to attempt to reach a negotiated settlement. (Docket entry # 26 and # 27)

2.   During this period of time the Plaintiffs' lead counsel and the Defendant were in contact and they attempted to negotiate a settlement to the matter. (McLaughlin Declaration paragraph # 5)

3.   In fact, it appeared that the parties had reached an agreement as to the pertinent terms of the settlement. The settlement called for the Parties executing a Settlement Agreement and a Stipulation for Judgment. (McLaughlin Declaration paragraph # 6)

4.   Once the Plaintiffs' lead counsel obtained these executed hardcopy settlement documents the Plaintiffs' lead counsel was to file a Motion for Judgment by Stipulation. (McLaughlin Declaration paragraph # 7)

5.   On February 25, 2011 the Defendant sent an executed PDF of the Settlement Agreement to the Plaintiffs' lead counsel. (McLaughlin Declaration paragraph # 8)

6.   The Plaintiffs' lead counsel then informed the Defendant that he must also execute the stipulation and send hard copy of the executed stipulation and executed agreement to Plaintiffs' lead counsel's office. (McLaughlin Declaration paragraph # 9)

7.   On February 25, 2011 the Defendant sent an e-mail message to the Plaintiffs' lead counsel asking him what physical address the documents were to be sent. (McLaughlin Declaration paragraph # 10) (See **Exhibit A** McLaughlin Declaration).

8.   The Plaintiffs' lead counsel responded to the Defendant's e-mail message by giving the Defendant the Plaintiffs' lead counsel's address in Massachusetts. (McLaughlin Declaration paragraph # 11) (See **Exhibit A** McLaughlin Declaration).

4

KNW 18888

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

9.  . On February 28, 2011 the Plaintiffs' local counsel attended the scheduling conference in this action. At that hearing he informed the Court that:

    a.  Settlement appeared imminent but that the Plaintiffs were still awaiting the delivery of the pertinent settlement documentation from the Defendant (Camacho Declaration paragraph # 5);

    b.  The Plaintiffs intended to resolve this civil action by way of a Stipulation for Judgment. (Camacho Declaration paragraph # 6); and

    c.  The Court did not raise any objections as to utilizing a Stipulation for Judgment to resolve this civil action (Camacho Declaration paragraph # 7).

10. On February 28, 2011 the Court entered an Order giving the Plaintiffs until March 28, 2011 to file a *Stipulation of Dismissal*. (Docket entry # 29)

11. The settlement documents were never received by the Plaintiffs' lead counsel. (McLaughlin Declaration paragraph # 14)

12. The Plaintiffs' lead counsel has attempted to communicate with the Defendant by leaving multiple phone messages and sending him multiple e-mail messages for weeks but there has been no communication from the Defendant. In fact, the last communication from the Defendant was his electronic message inquiring as to what physical address he should send the documents. (McLaughlin Declaration paragraph # 15)

13. The Plaintiffs are now seeking relief from the existing Court Order to give them more time to attempt to effectuate settlement in this matter through a Motion for Judgment by Stipulation and should the Defendant continue to fail to deliver the settlement documentation to the Plaintiffs, allow the Plaintiffs to continue on with this Civil Action including leave to seek a default against the Defendant. (McLaughlin Declaration paragraph # 16)

KNW 18888

**II.     DISCUSSION AND AUTHORITIES**

Federal Rule of Civil Procedure Rule 60 (a) provides in part "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice …". The Plaintiffs have moved for relief from that portion of the subject order which provides that the parties are obligated to file a Stipulation of Dismissal based upon this provision.

At the hearing on February 28, 2010 the Plaintiffs' local counsel reported to the Court that the Plaintiffs intended to resolve this case through a Stipulated Judgment but that the Plaintiffs were still awaiting the settlement documents from the Defendant. At the hearing on February 28, 2010 the Court did not express any reservations regarding utilizing a stipulated judgment to resolve this civil action.

Based upon these facts it can be inferred that the reference in the Order to a "Stipulation of Dismissal" came about through some type of clerical error. It does not appear that the Court truly intended to restrict settlement of this matter such that settlement could only be effectuated by Stipulation of Dismissal. Accordingly, it does not appear that the Court intended to have the language "Stipulation of Dismissal" in the Order. This is precisely the type of clerical error contained in an Order to which relief can be had pursuant to Federal Rule of Civil Procedure Rule 60 (a). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record" *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987).

Accordingly, the Plaintiffs have set forth good grounds for the relief being sought pursuant to Federal Rule of Civil Procedure Rule 60 (a) and this Motion is timely in that said provision allows for the Motion to be brought "whenever" a clerical error is found.

Federal Rule of Civil Procedure Rule 60 (b)(6) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

1   the following reasons: (6) any other reason that justifies relief."

2          Based upon in the declarations filed in support of this motion the Plaintiffs have set forth

3   herein un-controverted facts that:

4       1.   Before the Hearing on February 28, 2011 the Defendant had stated in an electronic message

5            to the Plaintiffs' lead counsel that he was sending hardcopy of the settlement agreement and

6            the Stipulation for Judgment;

7       2.   At the hearing on February 28, 2011 the Plaintiffs' local counsel reported to the Court that

8            the Plaintiffs were still awaiting a hardcopy of the settlement documentation from the

9            Defendant;

10      3.   The settlement documentation has never been received by the Plaintiffs' lead counsel from

11           the Defendant;

12      4.   The Plaintiffs' lead counsel has repeatedly attempted to make contact with the Defendant to

13           no avail.

14          These facts amount the Defendant repudiating the Settlement Agreement and could also

15   possibly amount to misconduct on the part of the Defendant. Repudiating a settlement agreement in

16   such a manner constitutes an extraordinary circumstance, and it justifies relief from this Court's

17   Order pursuant to Rule 60 (b)(6).   See *Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408,*

18   *(CA9 1991).*  Other courts have also found that the repudiation of a settlement agreement that

19   terminated litigation pending before a court constitutes an extraordinary circumstance, justifying

20   vacating the court's prior dismissal order. *United States v. Baus,* 834 F.2d 1114, 1124 (1st Cir.1987);

21   *Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299, 1302-03 (4th Cir.), *cert. denied,* 439

22   U.S. 1047, 99 S.Ct. 722, 58 L.Ed.2d 706 (1978); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371

23   (6th Cir.), *cert. denied,* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *VanLeeuwen v. Farm*

24   *Credit Admin.,* 600 F.Supp. 1161, 1164, 1167 (D.Or.1984).

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1    In fact, the facts in this case are even more compelling than the facts in the *Keeling case*. In

2    the *Keeling* case the District Court granted relief to a party where the other party had repudiated a

3    settlement agreement after the civil action had been dismissed. In this case the Plaintiffs are seeking

4    relief from a procedural order before the case has been dismissed. Additionally, while the Plaintiffs

5    believed that a settlement would be forthcoming by way of a Stipulation for Judgment the Plaintiffs'

6    local counsel clearly reported to the Court at the hearing on February 28, 2011 that the Plaintiffs

7    were still awaiting receipt of the settlement documentation from the Defendant.

8    Accordingly, the Plaintiffs have set forth good cause for the relief being sought pursuant to

9    Rule 60 (b)(6). This Motion is timely in that subsection (c) of Rule 60 provides that such a motion

10   must be made within a "reasonable time". The Plaintiffs have made this Motion within a reasonable

11   time. The Plaintiffs gave the Defendant some reasonable time to execute and deliver the settlement

12   documentation. As soon as it became clear that the Defendant was not responding to any inquiries,

13   phone calls, or electronic messaging, the Plaintiffs brought this Motion and they brought this Motion

14   well before the date set forth in any order for the filing of the settlement documentation.

15   . . .

16   . . .

17   . . .

18   . . .

19   . . .

20   . . .

21   . . .

22   . . .

23   . . .

24   . . .

KNW 18888

1

**CONCLUSION**

2

Based upon the reasoning and authorities set forth above, the Plaintiffs contend that this

3

Court granted relief as set forth on the Proposed Order which is filed herewith.

4

5

ALVERSON, TAYLOR
MORTENSEN & SANDERS

6

/s/ Karie N. Wilson
KARIE N. WILSON, ESQ.

7

Nevada Bar No. 7957
7401 W. Charleston Boulevard

8

Las Vegas, NV 89117
702-384-7000 Phone

9

702-385-7000 Fax

10

/s/John M. McLaughlin
John M. McLaughlin (pro hac vice)

11

Green, Miles, Lipton & Fitz-Gibbon, LLP
77 Pleasant Street; P.O. Box 210

12

Northampton, MA 01061
Telephone (413) 586-0865

13

Fax (413) 584-6278
jmclaughlin@greenmiles.com

14

15

16

17

18

19

20

21

22

23

24

KNW 18888

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 25th, 2011 I electronically filed the foregoing motion the related declarations and the related proposed order with the Clerk of the Court using the CM/ECF system. I further certify that I sent by 1st class mail, postage prepaid, said documents and the notice of electronic filing to the following non-CM/ECF participant:

Darryl Polo
7637 Muirfield Drive
Las Vegas, NV 89147

_____
Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

n:\bruce.grp\z-client\18888\pleadings\mtn relief order.doc

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR**
**MORTENSEN & SANDERS**
7401 W. Charleston Boulevard
Las Vegas, NV 89117
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Plaintiffs

JOHN M MCLAUGHLIN, ESQ.
(*pro hac vice* pending)
**GREEN, MILES, LIPTON &**
**FITZ-GIBBON, LLP**
77 Pleasant St; P.O. Box 210
Northampton, MA 01061-0210
413-586-0865 Phone
413-584-6278 Fax
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,

        Plaintiffs

v.

DARRYL POLO, aka "THEPIMP" and aka "DJP" dba www.fta-spot.com, www.ftapimps.com, and The Media Creative Group ("TMC")

        Defendant

CASE NO: 2:10-cv-01374-PMP-LRL

**DECLARATION OF ANDRES CAMACHO IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR RELIEF FROM ORDER AND FOR EXTENSION OF TIME**

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

Andres Camacho declares and says:

1.  My name is Andres Camacho.

2.  I am an associate at the law firm of Alverson Taylor Mortensen & Sanders, local counsel for the Plaintiffs in the above referenced Civil Action.

3.  I am making this declaration in support of the Plaintiffs' Motion for Relief from Order and for Extension of Time.

4.  On February 28, 2011 I attended the scheduling conference in this action

5.  At said hearing I reported to the Court that settlement appeared imminent but that the Plaintiffs were awaiting the delivery of the pertinent settlement documentation from the Defendant.

6.  At said hearing I reported to the Court that the Plaintiffs intended to resolve this civil action by way of a Stipulation for Judgment.

7.  At said hearing the Court did not raise any objections as to utilizing a Stipulation for Judgment to resolve this civil action.

8.  I have not received the settlement documents from the Defendant.

I declare this 25th day of March, 2011 under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Andres Camacho

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

2
Declaration of Andres Camacho

1  J. BRUCE ALVERSON, ESQ.
   Nevada Bar No. 1339
2  KARIE N. WILSON, ESQ.
   Nevada Bar No. 7957
3  **ALVERSON TAYLOR**
   **MORTENSEN & SANDERS**
4  7401 W. Charleston Boulevard
   Las Vegas, NV 89117
5  702-384-7000 Phone
   702-385-7000 Fax
6  Attorneys for Plaintiffs

7  JOHN M MCLAUGHLIN, ESQ.
   (*pro hac vice* pending)
8  **GREEN, MILES, LIPTON &**
   **FITZ-GIBBON, LLP**
9  77 Pleasant St; P.O. Box 210
   Northampton, MA 01061-0210
10 413-586-0865 Phone
   413-584-6278 Fax
11 Attorney for Plaintiffs

12            **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
13

14 DISH NETWORK L.L.C., a Colorado Limited        CASE NO: 2:10-cv-01374-PMP-LRL
   Liability Company, ECHOSTAR
   TECHNOLOGIES L.L.C., a Texas Limited
15 Liability Company, and NAGRASTAR L.L.C., a
   Colorado Limited Liability Company,
16
                Plaintiffs
17
   v.
18
   DARRYL POLO, aka "THEPIMP" and aka "DJP"
19 dba www.fta-spot.com, www.ftapimps.com, and
   The Media Creative Group ("TMC")
20
                Defendant
21

22

23         **DECLARATION OF JOHN M. MCLAUGHLIN IN SUPPORT OF PLAINTIFFS'**
             **MOTION FOR RELIEF FROM ORDER AND FOR EXTENSION OF TIME**

24

                              1
                   Declaration of John McLaughlin

*(left margin, vertical text)* ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

John McLaughlin declares and says:

1. My name is John McLaughlin.

2. I am lead counsel for the Plaintiffs in the above referenced Civil Action.

3. I am making this declaration in support of the Plaintiffs' Motion for Relief from Order and Extension of Time.

4. After a motion by the Plaintiffs this Court granted the *Pro Se* Defendant additional time to file a responsive pleading and this Court continued a scheduling conference to grant the Parties time to attempt to reach a negotiated settlement to this matter.

5. I was in serious, substantive settlement negotiations with the Defendant.

6. I thought we had reached an agreement as to the pertinent terms of the settlement. The settlement called for the Parties executing a Settlement Agreement and a Stipulation for Judgment.

7. Once I obtained these executed hardcopy settlement documents I was going to file a Motion for Judgment by Stipulation.

8. On February 25, 2011, I received an executed PDF of the Settlement Agreement from the Defendant.

9. I informed the Defendant that he must also execute the Stipulation and send hard copies of both the executed stipulation and agreement to my office.

10. On February 25, 2011 the Defendant sent me an e-mail asking what physical address the documents were to be sent to (**Exhibit A**).

11. I responded to the Defendant's e-mail message by giving him my office address in Massachusetts. (**Exhibit A**).

12. On February 28, there was a scheduling conference in this action which my local counsel attended.

2
Declaration of John McLaughlin

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

13. That same day, the Court entered an Order giving the Plaintiffs until March 28, 2011 to file a *Stipulation of Dismissal*.

14. I never received the settlement documents from the Defendant.

15. I have attempted to communicate with the Defendant by leaving multiple phone messages and sending multiple e-mail messages for weeks but there has been no communication from the Defendant. In fact, the last communication I had from the Defendant was his electronic message inquiring as to what physical address he should send the settlement documents.

16. I'm now filing a Motion on behalf of the Plaintiffs seeking relief from the existing Court Order to give them more time in which I will still attempt to effectuate settlement in this matter through a Motion for Judgment by Stipulation. Yet, should the Defendant continue to fail to deliver the settlement documentation to the Plaintiffs, we are asking the Court to allow the Plaintiffs to continue on with this Civil Action, including leave to seek a Default against the Defendant

I declare this 25th day of March 2011 under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ John M. McLaughlin
John M. McLaughlin

3
Declaration of John McLaughlin

EXHIBIT A

**John McLaughlin**

| | |
|---|---|
| **From:** | John McLaughlin |
| **Sent:** | Friday, February 25, 2011 2:06 PM |
| **To:** | 'darryl polo' |
| **Subject:** | RE: RE: |

JOHN M MCLAUGHLIN, ESQ.
**GREEN, MILES, LIPTON &**
**FITZ-GIBBON, LLP**
77 Pleasant St; P.O. Box 210
Northampton, MA 01061-0210
413-586-0865 Phone
413-584-6278 Fax

You can send with delivery for Monday. If you use FedEx you do not need the P.O. Box number. If you use overnight mail for the US mail then utilize the P.O. Box number. Thank you

**From:** darryl polo [mailto:darrylpolo@live.com]
**Sent:** Friday, February 25, 2011 2:00 PM
**To:** John McLaughlin
**Subject:** RE:

yes, what is your address?

From: johnm@greenmiles.com
To: johnm@greenmiles.com; darrylpolo@live.com
Date: Fri, 25 Feb 2011 13:37:59 -0500
Subject: RE: RE:

Mr. Polo, please send me by FedEx to executed hardcopies of the settlement agreement and one executed hardcopy of the stipulation. My Las Vegas attorney will tell the court could you have executed the settlement agreement but that you will be visiting family out of state and that as far as we are concerned you need not attend the hearing on Monday. Does this sound okay? Can you send me these documents?

1  J. BRUCE ALVERSON, ESQ.
   Nevada Bar No. 1339
2  KARIE N. WILSON, ESQ.
   Nevada Bar No. 7957
3  **ALVERSON TAYLOR**
   **MORTENSEN & SANDERS**
4  7401 W. Charleston Boulevard
5  Las Vegas, NV 89117
   702-384-7000 Phone
6  702-385-7000 Fax
   Attorneys for Plaintiffs
7
8  JOHN M MCLAUGHLIN, ESQ.
   (*pro hac vice* pending)
9  **GREEN, MILES, LIPTON &**
   **FITZ-GIBBON, LLP**
10 77 Pleasant St; P.O. Box 210
   Northampton, MA 01061-0210
11 413-586-0865 Phone
   413-584-6278 Fax
12 Attorney for Plaintiffs

13              **UNITED STATES DISTRICT COURT**
14                    **DISTRICT OF NEVADA**

15 DISH NETWORK L.L.C., a Colorado Limited          CASE NO:
16 Liability Company, ECHOSTAR
   TECHNOLOGIES L.L.C., a Texas Limited
17 Liability Company, and NAGRASTAR L.L.C., a
   Colorado Limited Liability Company,
18
                   Plaintiffs
19
20 v.

21 DARRYL POLO, aka "THEPIMP" and aka "DJP"
   dba www.fta-spot.com, www.ftapimps.com, and
22 The Media Creative Group ("TMC")

23                  Defendant

24 _____

25

26 **[PROPOSED] ORDER GRANTING RELIEF FROM ORDER AND EXTENSION OF TIME**

27

28

Having considered the Plaintiffs' Motion for Relief from Order and for Extension of Time and the Plaintiffs' Memorandum and Declarations in Support of said Motion, the Court finds that the Plaintiffs have set forth good cause for relief from the pertinent Order and for the extension of time sought by the Plaintiffs such that the Court hereby **GRANTS** Plaintiffs' Motion and the Court's Order of February 28, 2011 is amended and or superseded as follows:

1.  The Parties shall have until April 22, 2011 to file settlement documentation;

2.  The settlement documentation which may be filed shall include a Motion for Judgment by Stipulation; and

3.  Should the Defendant continue to fail to deliver the executed settlement documentation to the Plaintiffs the Plaintiffs shall have the right to continue with the Civil Action, including the right to file a Motion for the Clerk's entry of Default against the Defendant.

**IT IS SO ORDERED.**

DATED this _ 28th day of March, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE