J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR MORTENSEN & SANDERS**
7401 W. Charleston Boulevard
Las Vegas, NV 89117
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Plaintiffs

JOHN M MCLAUGHLIN, ESQ.
(*pro hac vice* pending)
**GREEN, MILES, LIPTON & FITZ-GIBBON, LLP**
77 Pleasant St; P.O. Box 210
Northampton, MA 01061-0210
413-586-0865 Phone
413-584-6278 Fax
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company, <br><br> Plaintiffs <br><br> v. <br><br> DARRYL POLO, aka "THEPIMP" and aka "DJP" dba www.fta-spot.com, www.ftapimps.com, and The Media Creative Group ("TMC") <br><br> Defendant | CASE NO: 2:10-cv-01374-PMP-LRL |

**PLAINTIFFS' MOTION FOR LEAVE TO ENGAGE IN LIMITED DISCOVERY**

1

KNW 18888

I.  **Relief Sought**

COME NOW the Plaintiffs, DISH Network L.L.C. ("DISH Network"), EchoStar Technologies L.L.C. ("EchoStar Technologies"), and NagraStar L.L.C. ("NagraStar"), and pursuant to Fed.R.Civ.P. 26(d)(1), they respectfully move this Court for leave to engage in limited discovery before the parties have conferred regarding discovery as would normally be required by Fed.R.Civ.P. 26(f). Specifically, the Plaintiffs seek leave to serve a documents only subpoena on PayPal, Inc. ("PayPal"); a draft of the proposed subpoena is attached hereto as **Exhibit A**.

II. **Grounds for Relief**

The Plaintiffs have grounds for the Court granting leave for limited discovery, in that:

1. There is a third party, PayPal, who has relevant information pertaining to this civil action. PayPal is the entity that effectuated the online purchases/transactions for the Defendant's websites www.fta-spot.com and www.ftapimps.com where the Defendant distributed DISH Network piracy software.

2. While the Plaintiffs were able to obtain some information from the data derived from the mirror imaging of the Defendant's computers, which were obtained pursuant to the Civil Seizure Order in this action, the Plaintiffs' experts contend that the PayPal records will contain considerably more data.

3. The PayPal information is precisely the type of information the Plaintiffs would normally be able to obtain through discovery after a scheduling conference and a scheduling order. The PayPal data will, most likely, provide more information regarding transactions on the websites www.fta-spot.com and www.ftapimps.com:

    a. Which the Plaintiffs may be able use in a motion for default judgment;
    b. Regarding potential additional Defendants; and/or

. . .

KNW 18888

  c. Which could lead to investigations of third parties and their possible piracy activities, including third parties who may be currently obtaining the Plaintiffs' signals without authorization causing difficult to calculate irreparable, ongoing damages to the Plaintiffs;

4. On April 21, 2011, the Plaintiffs moved for default against the Defendant based upon the fact that the Defendant had assented to this Court's order requiring him to file a responsive pleading by January 15, 2011 but he filed no such pleading.

5. On April 28, 2011a default was entered against the Defendant.

6. In light of these facts, it does not appear that there will be a scheduling conference in this civil action from which there would be an order granting the Plaintiffs the ability to serve a subpoena on PayPal, Inc. Therefore, the Plaintiffs will need a records only subpoena to obtain information from PayPal, Inc.

7. Fed.R.Civ.P. 26(d)(1) provides that the parties cannot normally engage in discovery in a civil action until the parties have conferred and the court enters a scheduling order pursuant to Fed.R.Civ.P. 26(f), absent an exemption, stipulation, or court order.

8. Fed.R.Civ.P. 26(d)(1) specifically allows the court to enter an order granting leave to a party to engage in discovery without a scheduling conference. This discovery is sometimes referred to as "expedited discovery."

9. In this action, Plaintiffs seek to obtain relevant, pertinent discovery from a third party, PayPal. Due to the default of the Defendant, there will not be any standard scheduling conference or standard scheduling order in this action. Therefore, the Plaintiffs have set forth good cause for the Court to grant them leave to engage in the limited discovery activity of serving a records only subpoena upon PayPal to obtain the information pertaining to the Defendants' website.

3

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

In further support of this Motion, please see the Affidavit of John M. McLaughlin, the Affidavit of Kevin Gedeon, the proposed order and the Incorporated Memorandum in support of this Motion. Additionally, the Plaintiffs incorporate by reference the Affidavits which were filed in support of the initial motions in this Civil Action and all docket entries in this civil action.

### *INCORPORATED MEMORANDUM OF LAW*

I.   FACTS

The Defendant executed a stipulation which was filed in this action and which was utilized by the Court to grant a preliminary injunction and other relief. Thereafter, a Motion by the Plaintiffs was assented to by the Defendant and based upon said motion the Court ordered that the Defendant file a responsive pleading by January 15, 2011. (Docket entry # 26 and # 27). The Defendant filed no responsive pleading. On April 21, 2011 the Plaintiffs moved for default to be entered against the Defendant for his failure to file a responsive pleading by January 15, 2011. On April 28, 2011 default was entered against the Defendant. In light of the Defendant's default it does not appear there will be a standard scheduling conference or a standard discovery order in this civil action.

During the course of the undercover investigation of the Defendants, the agents of the Plaintiffs purchased piracy software from the Defendants' websites www.fta-spot.com and www.ftapimps.com. The online payments for the software were effectuated through the online payment company PayPal Inc. ("PayPal"). See Declaration of Kevin Gedeon, ¶ 14. The Plaintiffs' experts have examined data from the mirror image of the Defendants computers which were made on the date of the execution of the civil seizure order. While the Plaintiffs' experts have discovered some evidence of the Defendant's distribution activities contained in the computers, the Plaintiffs' experts are of the opinion there is considerably more information regarding the online sales made by the Defendant from the Defendants websites www.fta-spot.com and www.ftapimps.com in the records of PayPal. See Declaration of Kevin Gedeon, ¶ 15 and 16.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

KNW 18888

The Plaintiffs' experts have had experience with the data retained by PayPal with reference to online sales from websites. PayPal records normally contain e-mail addresses, names, and street addresses of purchasers. The records of the Defendant, as contained in mirror images of their computers, do not contain all of this pertinent and relevant information. Accordingly, PayPal information is of relevance and important. See Declaration of Kevin Gedeon, ¶ 16. The PayPal information is precisely the type of information the Plaintiffs would normally be able to obtain through discovery after a scheduling conference and scheduling order. The PayPal data may provide more information regarding transactions on websites www.fta-spot.com and www.ftapimps.com:

    a. Which the Plaintiffs may be able use in a motion for default judgment;

    b. Regarding potential additional Defendants; and/or

    c. Which could lead to investigations of third parties and their possible piracy activities, including third parties who may be currently obtaining the Plaintiffs signals without authorization causing difficult to calculate, irreparable, and ongoing damages to the Plaintiffs.

See Declaration of Kevin Gedeon and Declaration of John McLaughlin. As it does not appear that the Plaintiffs can obtain the PayPal information through normal discovery, the Plaintiffs have moved this Court for an order granting them leave to serve a subpoena upon PayPal to obtain the transaction records from the subject websites.

## II.   DISCUSSION AND AUTHORITIES

Fed.R.Civ.P. 26 pertains to discovery in Federal civil actions. The rule provides that the parties cannot engage in discovery until:

    1. The parties confer regarding discovery;

    2. The court holds a scheduling conference; and

    3. The court issues a scheduling order for the civil action.

KNW 18888

Yet, provisions of the rule also provide that the District Court can allow discovery without a scheduling conference or a standard scheduling order through an order of the Court. Fed.R.Civ.P. 26 ( d)( 1) provides, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, *or by court order.*" Discovery which is allowed by a court without a scheduling conference or standard scheduling order is often called "expedited discovery." This Court has granted orders for expedited discovery. See *F.T.C. v. BTV Industries, et al* 2002 WL 32153812(D. Nev. 2002) and *F.T.C. v. National Prize Information Group Corp, et al* 2006 WL 3234360 (D. Nev. 2006).

Numerous courts, including sister District Courts in the Ninth Circuit, have applied a "good cause" standard in determining whether to grant orders for expedited discovery. *See, Texas Guaranteed Student Loan Corp. v. Dhindsa,* 2010 WL 2353520 (E.D. Cal. 2010), *Quia Corp. v. Mattel, Inc.,* 2010 WL 2179149 (N.D. Cal. 2010), *Arista Records LLC v. Does 1-19,* 551 F. Supp. 2d 1 (D.D.C. 2008), *Warner Bros. Records, Inc. v. Does 1-6,* 527 F. Supp. 2d 1 at 3 (D.D.C. 2007) ("the Court finds that plaintiffs have made a showing of good cause for the discovery they seek") and *Sheridan v. Oak Street Mortg., LLC,* 244 F.R.D. 520 (E.D. Wis. 2007). A Court can find "good cause" where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." See *Semitool, Inc. v. Tokyo Electron Am.,* 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Other courts have followed the criteria set forth for granting expedited discovery in the case of *Notaro v Koch,* 95 F.R.D. 403 (D.C. N.Y. 1982). This so-called *Notaro* standard requires the party seeking expedited discovery to demonstrate four elements to help the court decide whether to allow an expedited discovery schedule: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable

6

injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted.

The Plaintiffs contend that *Notaro* standard is not the appropriate test to determine whether to grant expedited discovery in this civil action. Most significantly, the Plaintiffs have been unable to find a case in the District of Nevada utilizing this standard. Also, the standard does not appear to be crafted for use in a case where the defendant is in default. The *Notaro* standard is more akin to what factors a court should consider when deciding whether to grant the expedited discovery or whether the appearing plaintiffs and defendant should simply wait for the regular discovery which would be forthcoming. This is simply not the situation at hand where the Defendant is in default.

In any event, the Plaintiffs contend that expedited discovery in this action could be allowed even should the Court utilize the *Notaro* standard:

1. The Plaintiffs are suffering irreparable harm in that there may be individuals who have purchased piracy software from the Defendant's websites who are still utilizing said software to obtain the Plaintiffs' signals without authorization and the identity of these individuals can be obtained through the PayPal records;

2. The Plaintiffs have an extremely high probability of success on the merits in that the Defendant is already in default;

3. The discovery sought is to obtain the PayPal records and thus to obtain the identities of individuals who may be currently obtaining the Plaintiffs' signals without authorization, causing the Plaintiffs irreparable harm;

4. The Plaintiffs will suffer harm should they not obtain the PayPal records to determine the identities of the individuals who may still be using software purchased from the Defendant's websites but there is no conceivable damage this discovery, sent to a third party, PayPal, could cause to the defaulted Defendant.

Courts have found that expedited discovery is justified based upon certain circumstances including where:

1. A preliminary injunction is pending. See *Quia Corp. v. Mattel, Inc.,* 2010 WL 2179149 (N.D.Cal.,2010);

2. The plaintiffs are seeking the true identities of John Doe defendants. See *Priority Records Arista Records LLC v. Does 1-19,* 551 F.Supp.2d 1 (D.D.C., 2008) and *Warner Bros. Records, Inc. v. Does 1-6,* 527 F.Supp.2d 1 (D.D.C.,2007); and/or

3. The defendant is in default early in the case such that there will be no scheduling conference or standard scheduling order. See *Sheridan v. Oak Street Mortg., LLC,* 244 F.R.D. 520 (E.D. Wis. 2007), *Texas Guaranteed Student Loan Corp. v. Dhindsa,* 2010 WL 2353520 (E.D. Cal. 2010) and *Comcast of Massachusetts III, Inc. v. Alexander Tsyporkin,* 1:07-cv-10241-PBS (D.C. MA, 2007) (Declaration McLaughlin, **Exhibit A**), *DISH Network et al v Francois et al,* 1:10-cv-3135 (N.D. GA 2011) (Declaration McLaughlin, **Exhibit B**).

This Civil Action clearly falls into this third category; the Plaintiffs are seeking leave for limited discovery by way of a court order simply because there will be no scheduling conference or standard scheduling order regarding discovery due to the fact that the Defendant is in default.

In the case of *Sheridan v. Oak Street Mortg., LLC* 244 F.R.D. 520 (E.D. Wis. 2007) the defendant, Oak Street Mortg., was in default for failure to appear and the plaintiff, Sheridan, sought leave of court to do expedited discovery limited to pertaining the certification of a class action. The information the plaintiff sought for the certification was in the possession of the defaulted defendant. The court allowed the expedited discovery in these circumstances saying:

> Since Oak Street has not appeared in this action and is in default, Sheridan is effectively precluded from engaging in a Rule 26(f) conference. Thus, having considered the entire record to date and the reasonableness of the request in light of the surrounding circumstances, this Court finds that Sheridan has established "good cause" to engage in limited discovery… *Id* at 522

1        In the case of *Texas Guaranteed Student Loan Corp. v. Dhindsa*, 2010 WL 2353520 (E.D. Cal. 2010) the plaintiff was seeking discovery from a defaulted defendant for use in its contemplated motion for default judgment. Again, the court found that expedited discovery was appropriate and the court granted leave for the expedited discovery against the Defaulted defendant.

        In the case of *Comcast of Massachusetts III, Inc. v. Alexander Tsyporkin*, 1:07-cv-10241-PBS (D.C. MA, 2007) (Declaration McLaughlin, **Exhibit A**) the Federal District Court for the district of Massachusetts allowed expedited discovery against a defaulted defendant and third parties allowing the plaintiff to gather information for default judgment and to investigate the possibility of additional defendants. Take note that the *Comcast* case also involved allegations of telecommunications piracy.

        Just last month the Federal District Court for the Northern District of Georgia granted leave for expedited discovery the case of *DISH Network et al v Francois et al*, 1:10-cv-3135 (N.D. GA 2011) (Declaration McLaughlin, **Exhibit B**). The Plaintiffs in this civil action were also the plaintiffs in the *Francois* case and the defendants in the *Francois* case were extremely similar to the Defendant in this civil action in that they were also distributing DISH Network piracy technology. The court in the *Francois* case granted the Plaintiffs leave to serve a subpoena upon PayPal when the Defendants in the *Francois* case were defaulted.

        Clearly, expedited discovery is available where the discovery for which leave is being sought is to be served upon third parties. See *Arista Records LLC v. Does 1-19,* 551 F.Supp.2d 1 (D.D.C., 2008), *Warner Bros. Records, Inc. v. Does 1-6,* 527 F.Supp.2d 1 (D.D.C.,2007). *DISH Network et al v Francois et al*, 1:10-cv-3135 (N.D. GA 2011) (Declaration McLaughlin, **Exhibit B**). Indeed the expedited discovery is almost always directed at third parties in the cases where the plaintiffs are seeking the true identity of John Doe defendants. Expedited discovery was authorized to allow a plaintiff to find the identity of John Doe defendants in the case of *Zynga Game Network Inc. v. Jason*

*Williams, an individual, Luna Martini, an individual, and John does 1-5 d/b/a MW Group, Defendant,* 2010 WL 2077191 (N.D.Cal.2010) and the third-party that was the subject of the contemplated discovery was PayPal Inc., the same third-party the Plaintiffs intend to serve with a subpoena.

The Plaintiffs are seeking leave to serve a documents only subpoena upon PayPal, which is headquartered in the Northern District of California. The Plaintiffs intend to do this through a Northern District of California subpoena signed by the Plaintiffs' Nevada counsel and served, in person, upon the agent for service of process for PayPal in California. This would appear to be the proper method for this type of discovery in the district of Nevada. See. *IST Technology, LLC v. Rational Enterprises Ltd* 2007 WL 5596692 (D. Nev. 2007)

In light of all of the above the Plaintiffs assert that there is good cause to grant the Plaintiffs leave to engage in the limited discovery they are seeking, namely, to serve a subpoena upon the third-party, PayPal, to obtain the records from the Defendants' websites.

DATED this 13th day of May, 2011.

        ALVERSON, TAYLOR
        MORTENSEN & SANDERS

        /s/ Karie N. Wilson
        KARIE N. WILSON, ESQ.
        Nevada Bar No. 7957
        7401 W. Charleston Boulevard
        Las Vegas, NV 89117
        702-384-7000 Phone
        702-385-7000 Fax

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____ 5-19-11 _____

        JOHN M. MCLAUGHLIN (pro hac vice)
        GREEN, MILES, LIPTON & FITZ-GIBBON, LLP
        77 Pleasant Street
        P.O. Box 210
        Northampton, MA 01061
        413-586-0865 Phone
        413-584-6278 Fax
        jmclaughlin@greenmiles.com

n:\bruce.grp\z-client\18888\pleadings\mtn leave limited disc.doc

KNW 18888

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 13, 2011, I electronically filed the foregoing **PLAINTIFFS' MOTION FOR LEAVE TO ENGAGE IN LIMITED DISCOVERY** with the Clerk of the Court using the CM/ECF system. I further certify that I sent by mail the foregoing document and the notice of electronic filing to the following non-CM/ECF participant:

Darryl Polo
7637 Muirfield Drive
Las Vegas, NV 89147

_____
Employee of ALVERSON, TAYLOR
MORTENSEN & SANDERS

n:\bruce.grp\z-client\18888\pleadings\mtn leave limited disc.doc

*ALVERSON, TAYLOR, MORTENSEN & SANDERS*
*LAWYERS*
*7401 WEST CHARLESTON BOULEVARD*
*LAS VEGAS, NEVADA 89117-1401*
*(702) 384-7000*

KNW 18888